UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TONY TOOMBS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.  1:05-CV-00104 |
| ) | |
| JOSEPH MARTIN, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Before the Court is a motion (Docket # 63) filed by *pro se* Plaintiff Tony Toombs requesting an extension of time to respond to Defendant Joseph Martin's motion for summary judgment because he "[has] not had an opportunity to complete discovery." (Requesting a Delay in Opp'n to Def.'s Summ. J. Mot. ("Pl.'s Mot. for Extension") at 1.)  Thus, Toombs is apparently requesting an extension of time pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. For the reasons stated herein, Toombs's motion will be DENIED.

Rule 56(f) provides that a summary judgment motion may be continued if the non-movant has not had an opportunity to take adequate discovery. *See* Fed. R. Civ. P. 56(f); *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986); *Farmer v. Brennan*, 81 F.3d 1444, 1449 (7th Cir. 1996).  The Seventh Circuit requires a party seeking the protection of Rule 56(f) to make a good faith showing that he cannot respond to the movant's affidavits. *Neal v. Dana Corp.*, No. 1:01-CV-393, 2002 WL 32144315, at *1 (N.D. Ind. June 5, 2002); *see also U.S. v. All Assets & Equip. of West Side Bldg. Corp.*, 58 F.3d 1181, 1190 (7th Cir. 1995).  This requires the filing of an affidavit by the non-movant, articulating the reasons why he is unable to submit the necessary

material to the court. *Neal*, 2002 WL 32144325, at *1; *see also All Assets*, 58 F.3d at 1181.

The non-movant must also identify the material facts that he anticipates discovering. *Neal*, 2002 WL 32144325, at *1; *Executive Builders, Inc. v. Motorists Ins. Cos.*, 2000 WL 1672711, at *2 (S.D. Ind. Oct. 31, 2000); *see also Grundstad v. Ritt*, 166 F.3d 867, 873 (7th Cir. 1999) (finding vague assertions that discovery would develop genuine issues of material fact insufficient to grant continuance). Furthermore, to receive a continuance, a plaintiff must show that he has not been dilatory in pursuing discovery.[1] *Neal*, 2002 WL 32144325, at *1; *Theotokatos v. Sara Lee Pers. Prods.*, 971 F. Supp. 332, 343 (N.D. Ill. 1997); *see also U.S. v. Bob Stofer Oldsmobile-Cadillac, Inc.*, 766 F.2d 1147, 1152-53 (7th Cir. 1985).

Here, Toombs failed to file the necessary affidavit articulating his reasons for the delay; nonetheless, this omission is not fatal since his motion alleges that he needs additional discovery to respond to the pending motion for summary judgment, thus satisfying the affidavit requirement. *Neal*, 2002 WL 32144325, at *1 (citing *Pfeil v. Rogers*, 757 F.2d 850, 856 (7th Cir. 1985)) (articulating that a court may disregard a failure to formally comply with Rule 56(f)). In his motion, Toombs alleges that he needs more time because (1) Defendants have not yet complied with his outstanding discovery requests, and (2) he has yet to obtain a transcript of his state criminal trial, which apparently he believes contains a statement made by Defendant Martin during Toombs's criminal trial that is relevant to the motion for summary judgment. (Pl.'s Mot.

---

[1]Relevant factors to consider include "(1) the length of the pendency of the case prior to the Rule 56(f) request; (2) whether and when plaintiff could have anticipated its need for the requested discovery; (3) the previous efforts, if any, made by plaintiff to obtain the needed information either through discovery or otherwise; (4) the degree and nature of discovery already undertaken; (5) any limitations placed upon discovery previously by the trial court; (6) any prior solicitations of or provisions for discovery by the trial court; (7) any warning which plaintiff might have had that, absent a speedier request, discovery might be denied and his claim dismissed; and (8) whether the requested information was inaccessible to plaintiff." *Neal*, 2002 WL 32144325, at *2 *(quoting Theotokatos*, 971 F. Supp at 344).

for Extension at 1-2.)

However, Toombs's first argument is misplaced, as Defendants *have* responded to all of Toombs's discovery requests, albeit not in the manner in which he would prefer. (*See* Docket # 39, 44-45, 47-48, 50-54, 60, 65, 67.) Defendants responded to Toombs's document requests by asserting objections (*see* Docket # 60, 67); a response to a request for production of documents may consist of an objection and the reason therefore. *See* Fed. R. Civ. P. 34(b). Thus, Toombs currently has no outstanding discovery requests on the record. Of course, if Toombs finds Defendants' responses to his document requests inadequate, he is free to file a motion to compel under Rule 37(a). *See* Fed. R. Civ. P. 37(a).

As to his second argument, Toombs has had ample opportunity to obtain the desired transcript from his state criminal trial. Over four months ago, in its August 9 Order (*see* Docket # 38), this Court stated that it had no authority to order the Clerk of the Grant County, Indiana, Circuit Court to prepare the trial transcript and, furthermore, that Toombs is not entitled to one at the expense of the United States by virtue of his proceeding *in forma pauperis* in this case, *see* 28 U.S.C. § 1915; the Court further emphasized that Toombs was "free, however, to contact the official court reporter of the Grant Circuit Court to make arrangements, financial and otherwise, for a complete or partial trial transcript." (Docket # 38.) Thus, it is clear that Toombs has been dilatory in obtaining the transcript on his own accord; accordingly, his motion for a continuance must fail.[2]

---

[2] Furthermore, the only fact that Toombs articulates he anticipates to obtain through the discovery is the alleged statement of Defendant Martin. (Pl.'s Mot. for Extension at 2.) Since this statement is ostensibly contained in the trial transcript, which Toombs has been dilatory in pursuing, the Court need not even consider whether the information Toombs seeks is material to the motion for summary judgment.

For the reasons stated herein, Toombs's Rule 56(f) motion for a continuance of summary judgment in order to conduct additional discovery (Docket # 64) is DENIED. Notwithstanding the foregoing, in order to allow Toombs ample opportunity to prepare his response, and so the matter will be resolved on the merits, the Court on its own motion will allow Toombs until February 1, 2006, to file his response to Defendant Martin's motion for summary judgment. *See Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996) ("[I]t is the well-established duty of the trial court to ensure that the claims of a *pro se* litigant are given a fair and meaningful consideration.").

SO ORDERED.

Enter for this 19th day of December, 2005.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge