UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TONY TOOMBS, | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO. 1:05CV104 |
| | ) |
| JOSEPH MARTIN and JOHN KAUFFMAN, | ) |
| | ) |
| Defendants. | ) |

**OPINION and ORDER**

This matter is before the Court on the Motion for the Appointment of Counsel (DE # 86) filed by the *pro se* Plaintiff, Tony Toombs, on February 9, 2006. This is the third motion the Plaintiff has filed for the appointment of counsel (*see* DE ## 8, 29), and the other two were denied at the Court's scheduling conference held on August 2, 2006.

With one exception, the present motion does not add anything new, so the motion is likely doomed, but before we reach that conclusion we need to address the one thing that does merit some discussion, his newly asserted "mental disability." (*See* Motion ¶ 4.)

The Plaintiff does not elaborate on the nature or extent of the alleged disability; indeed, all he says about it is that it "makes it very difficult for me to present my case." (*Id.*) The Plaintiff does not tell us how this unstated, alleged disability makes prosecution of the case more difficult, and, as we shall see, the record itself suggests something else.

Nevertheless, before recounting the record, we should at least revisit the standard for the appointment of counsel. As the Seventh Circuit recently recounted, the issue turns on a two-step inquiry: given the difficulty of the case, does the plaintiff appear to be competent to try it

himself, and if not, would the presence of counsel have made a difference in the outcome? *Johnson v. Doughty*, 433 F.3d 1001, 1007 (7th Cir. 2006) (citing *Greeno v. Daley*, 414 F.3d 645, 658 (7th Cir. 2005) (quoting *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993))). If the initial inquiry is answered in the affirmative, the analysis ends, and the motion must be denied.

The present status of the record is revealing.  The Plaintiff filed a cogent complaint seeking damages against the Defendants for excessive force. Once allowed to proceed on his claim, the Plaintiff has been extremely active: he filed a motion for default, participated in a Fed. R. Civ. P. 26 planning meeting, participated appropriately in a preliminary pretrial conference with the undersigned Magistrate Judge, initiated extensive discovery (both party and nonparty), requested extensions of time, and vigorously opposed the pending motion for summary judgment. The Court's review of the record, the Plaintiff's filings, and the personal interaction with the Plaintiff at the scheduling conference, all lead to the conclusion that the Plaintiff is competent to investigate the facts of the case and prosecute it, which after all, is hardly complex or intricate, such that a trained attorney is not necessary.  This conclusion, as the Seventh Circuit observed, ends the analysis.  *Johnson*, 433 F.3d at 1007.

Nevertheless, the Plaintiff's belated claim of some sort of mental disability requires a brief response.  Even here the standard is high: this has to be one of those "extreme case[s]" where the incapacity of the litigant is of such a degree that it "would make it impossible for him to obtain any sort of justice without the aid of a lawyer." *Farmer* 990 F.2d at 323.  The Plaintiff's conclusory and unsworn assertion that he has some sort of mental disability, without more, is insufficient on this record to say that this is such an "extreme case" that counsel must be appointed. *Cf. Merritt v. Faulkner*, 697 F.2d 761, 765 (7th Cir. 1983).  First, we do not know if

the Plaintiff truly has a mental disability, and if so, whether it is of such a nature and extent that it is interfering with his prosecution of the case. Moreover, this case has been pending for nearly a year, and this appears to be the first time the Plaintiff has mentioned it, suggesting that it might be an afterthought and not truly disabling.

Accordingly, the Motion for the Appointment of Counsel is DENIED without prejudice. If the Plaintiff can support his alleged disability with some sort of evidence, then he can file another such motion and the Court will consider it.

Enter for February 13, 2006.

S/Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

3