UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| TONY TOOMBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO.  1:05cv104 |
| | ) | |
| JOSEPH MARTIN and | ) | |
| JOHN KAUFFMAN, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

This matter is before the court on a motion for summary judgment filed by one of the

defendants, Joseph Martin ("Martin"), on October 14, 2005.  The plaintiff, Tony Toombs

("Toombs"), proceeding pro se, filed his response on January 9, 2006.  On January 20, 2006,

Toombs filed a supplemental response.  Martin filed his reply on January 23, 2006, and also filed

a reply to the supplemental response on January 24.  2006.  Toombs then filed a sur-response on

February 6, 2006.

On November 3, 2005, Toombs filed a "Summary Judgment Dispositive Motion" against

both defendants.  The defendants responded to this motion on November 8, 2006, and Toombs

has failed to file a reply.

On January 3, 2006, Toombs filed a summary judgment motion as to defendant John

Kauffman ("Kauffman").  Kauffman responded to this motion on January 25, 2006, and Toombs

has failed to file a reply.

For the following reasons, Martin's motion for summary judgment will be granted and

Toombs motions for summary judgment will be denied.

Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). However, Rule 56(c) is not a requirement that the moving party negate his opponent's claim. Fitzpatrick v. Catholic Bishop of Chicago, 916 F.2d 1254, 1256 (7th Cir. 1990). Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and in which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The standard for granting summary judgment mirrors the directed verdict standard under Rule 50(a), which requires the court to grant a directed verdict where there can be but one reasonable conclusion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). A scintilla of evidence in support of the non-moving party's position is not sufficient to successfully oppose summary judgment; "there must be evidence on which the jury could reasonably find for the plaintiff." Id. In Re Matter of Wildman, 859 F.2d 553, 557 (7th Cir. 1988); Klein v. Ryan, 847 F.2d 368, 374 (7th Cir. 1988); Valentine v. Joliet Township High School District No. 204, 802 F.2d 981, 986 (7th Cir. 1986). No genuine issue for trial exists "where the record as a whole could not lead a rational trier of fact to find for the nonmoving party." Juarez v. Ameritech Mobile Communications, Inc., 957 F.2d 317, 322 (7th Cir. 1992)(quoting Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)).

Initially, Rule 56 requires the moving party to inform the court of the basis for the motion, and to identify those portions of the "pleadings, depositions, answers to interrogatories,

2

and admission on file, together with the affidavits, if any, which demonstrate the absence of a genuine issue of material fact, Celotex, 477 U.S. at 323. The non-moving party may oppose the motion with any of the evidentiary materials listed in Rule 56(c), but reliance on the pleadings alone is not sufficient to withstand summary judgment. Goka v. Bobbitt, 862 F.2d 646, 649 (7th Cir. 1988); Guenin v. Sendra Corp., 700 F. Supp. 973, 974 (N.D. Ind. 1988); Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir.), cert. denied, 464 U.S. 960 (1983).

So that the district court may readily determine whether genuine issues of material fact exist, under Local Rule 56.1, the moving party is obligated to file with the court a "Statement of Material Facts" supported by appropriate citation to the record to which the moving party contends no genuine issues exist. In addition, the non-movant is obligated to file with the court a "Statement of Genuine Issues" supported by appropriate citation to the record outlining all material facts to which the non-movant contends exist that must be litigated. See, Waldridge v. American Hoechst Corp. et al., 24 F.3d 918 (7th Cir. 1994). In ruling on a summary judgment motion the court accepts as true the non-moving party's evidence, draws all legitimate inferences in favor of the non-moving party, and does not weigh the evidence or the credibility of witnesses. Anderson, 477 U.S. at 249-251, 106 S.Ct. at 2511. Furthermore, in determining the motion for summary judgment, the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the "Statement of Genuine Issues" filed in opposition to the motion. L.R. 56.1

Substantive law determines which facts are material; that is, which facts might affect the outcome of the suit under the governing law. Anderson, 477 U.S. at 248. Irrelevant or unneces-

sary facts do not preclude summary judgment even when they are in dispute.  Id.  The issue of

fact must be genuine. Fed. R. Civ. P. 56(c), (e).  To establish a genuine issue of fact, the non-

moving party "must do more than simply show that there is some metaphysical doubt as to the

material facts." Matsushita, 475 U.S. at 586; First National Bank of Cicero v. Lewco Securities

Corp., 860 F.2d 1407, 1411 (7th Cir. 1988).  The non-moving party must come forward with

specific facts showing that there is a genuine issue for trial.  Id.  A summary judgment

determination is essentially an inquiry as to "whether the evidence presents a sufficient disagree-

ment to require submission to a jury or whether it is so one-sided that one party must prevail as a

matter of law." Anderson, 477 U.S. at 251-252.  Finally, the court notes that, "[i]t is a gratuitous

cruelty to parties and their witnesses to put them through the emotional ordeal of a trial when the

outcome is foreordained" and in such cases summary judgment is appropriate.  Mason v.

Continental Illinois Nat'l Bank, 704 F.2d 361, 367 (7th Cir. 1983).

Discussion

In support of his motion, defendant Martin alleges that the following facts are not in

dispute.

During the evening of March 17, 2003 an armed robbery occurred in Marion, Indiana.

[Exhibit A, ¶ 4]. The victims reported to the Marion Police Department that the armed robbery

was committed by a black man wearing gray sweats, approximately 5 feet 9 inches tall, and

roughly 180 pounds. [Exhibit A, ¶ 5]. Around 1:00 a.m. on March 18, 2003, Officer Martin

observed a black man wearing a gray sweat suit walking in the 1800 block of Pearl Street in

Marion, Indiana. [Exhibit A, ¶ 6]. Officer Martin thought the individual (who was later identified

as Toombs) matched the description of the armed robbery suspect. [Exhibit A, ¶ 7]. Officer

4

Martin called dispatch and requested the description of the armed robbery suspect again. [Exhibit A, ¶ 8]. Officer Martin continued to believe that Toombs matched the suspect's description. [Exhibit A, ¶ 9]. Officer Martin was given orders to obtain a digital photograph and identifying information from the individual. [Exhibit A, ¶ 10].

When Officer Martin stopped his marked police car to speak with Toombs, Toombs acted nervous and repeatedly put his hands in his pockets despite Officer Martin's verbal commands to remove his hands from his pockets. [Exhibit A, ¶ 11-14]. Toombs' suspicious behavior caused Officer Martin to ask Toombs to turn around so that Officer Martin could conduct a pat down for weapons. [Exhibit A, ¶ 16].

Toombs ran from Officer Martin. [Exhibit A, ¶ 17]. When Officer Martin caught Toombs he struggled with Officer Martin and then pulled out a gun. [Exhibit A, ¶ 18-20]. Toombs hit Officer Martin in the back of the head with his gun and shot Officer Martin in the head, ear, and shoulder. [Exhibit A, ¶ 21]. Officer Martin returned fire, striking Toombs. [Exhibit A, ¶ 22-23].

Toombs was arrested and charged with one (1) count of unlawful possession of a firearm by a serious violent felon, one (1) count of battery with a deadly weapon for shooting Officer Martin, one (1) count of resisting law enforcement for shooting Officer Martin, one (1) count of attempted Murder, and one (1) count of being a habitual offender. [Exhibit B]. Toombs was represented by counsel at a jury trial on all five charges. [Exhibit C].

On August 20, 2004, Toombs was found guilty by a jury of unlawful possession of a firearm by a serious violent felon, resisting law enforcement with a deadly weapon, battery with a deadly weapon₃, and being a habitual offender. [Exhibit C]. Toombs convictions were subsequently affirmed on appeal.

5

In his present excessive force claim, Toombs alleges that "[I] was kicked several times in my face & left-side, and shot at least five-times and cut twice with a knife.  I mean absolutely none of these things were necessary and all the while they were calling me racist names." Toombs more specifically alleges that "Ofc Martin shot me for no reason and Kauffman cut me with a knife and kicked me in the head."

In support of his motion for summary judgment, Martin first asserts that Toombs is collaterally estopped from claiming he was shot for "no reason" and from denying that he had a gun and shot Martin.  Martin points out that these issues were necessarily determined in Toombs' state court criminal trial and, thus, Toombs cannot relitigate those issues in this case. Clearly, Martin is correct.

The United States Supreme Court has made clear that issues actually litigated in a state-court proceeding are entitled to the same preclusive effect that they would be given in the courts of the State where the judgment was rendered when those issues are raised in a subsequent federal lawsuit brought under 42 U.S.C. § 1983. See Allen v. McCurry, 449 U.S. 90, 101 (1980); See also 28 U.S.C.A. § 1738. Since Toombs' criminal conviction was rendered in an Indiana state court, Indiana's preclusion law applies. See GASH Associates v. Village of Rosemont, Ill., 995 F.2d 726, 728 (7th Cir. 1993) ("state law determines whether the defendant prevails under principles of preclusion.").

Indiana law provides that:

collateral estoppel or issue preclusion bars subsequent litigation of an issue necessarily adjudicated in a former suit if the same issue is presented in the subsequent suit. In that situation, the former adjudication will be conclusive in the subsequent action even if the two actions are on different claims. However, the former adjudication will only be conclusive as to those issues that were actually litigated and determined therein. A prime consideration in the use of issue

6

preclusion is whether the party against whom the prior judgment is asserted had a full and fair opportunity to litigate the issue and whether it would be otherwise unfair under the circumstances to permit the use of issue preclusion.

Crosson v. Berry, 829 N.E.2d 184, 192 (Ind. Ct. App. 2005).

Here, the issue of whether Toombs had a gun and whether he shot Officer Martin were actually litigated and decided in his criminal case. Toombs was present for his criminal trial and was represented by counsel.  Thus he had a full and fair opportunity to litigate these issues. As a result, Toombs is barred, by application of Indiana's preclusion law, from relitigating the fact that he had a gun and shot Martin.

Toombs has not responded to Martin's collateral estoppel argument.  Rather, Toombs reasserts his version of the incident, stating that he was holding a gun for a cousin, attempted to get rid of it and, when grabbed by Martin, tried to knock him off his back but accidentally hit him with the butt of the gun which then discharged.  Toombs further asserts that he then sat quietly on the ground waiting to be handcuffed when Martin started shooting at him.  Toombs insists that because his version of the facts is different than Martin's version, that a material facts are in dispute and summary judgment cannot be granted.

Toombs is clearly incorrect, however, because he already had a chance to have the disputed facts decided, and they were decided against him.  Thus, in the view of the law, the decided facts are no longer disputed.

Martin next argues that even if collateral estoppel did not apply to this case, the application of Heck v.  Humphrey bars Toombs' excessive force claim against Martin. The United States Supreme Court found in Heck v. Humphrey, 512 U.S. 477, 487-489 (1994), that a prisoner cannot seek damages in a 42 U.S.C. § 1983 action, when the civil rights claim

7

necessarily challenges the validity of his conviction. The Supreme Court instructed the district

courts that when a prisoner files a § 1983 action, the court must consider whether the action

would necessarily imply the invalidity of his conviction. See id. at 487. If it does, then the

prisoner does not have a cause of action and the claim must be dismissed. See id. at 487- 489.

Toombs claims that Martin used excessive force when  Martin shot him. As shown

below, this claim would necessarily challenge the validity of Toombs' convictions for being a

serious felon in possession of a firearm, resisting law enforcement, and shooting Martin. Such a

challenge is prohibited by Heck v. Humphrey.

When analyzing this excessive force claim the court must begin with the conclusively

established fact that Toombs was a serious felon in possession of a gun, who was fleeing law

enforcement, and who shot a police officer. From there, this court must determine if Toombs'

claim of excessive force against Officer Martin will necessarily invalidate his state court

convictions.

In order for Toombs to prevail on his excessive force claim, this court must find that

Officer Martin's use of deadly force was not objectively reasonable. See Graham v. Connor, 490

U.S. 386, 388 (1989) (holding that all claims of excessive force are analyzed under the Fourth

Amendment and its objective reasonableness standard). It is well established that it is reasonable

for an officer to use deadly force in order to stop a suspect who poses an immediate threat of

injury or death to the officer or to others. See Tennessee v. Garner, 471 U.S. 1, 7 (1985). Thus, if

Toombs used deadly force against Martin, Martin could reasonably respond with the use of

deadly force without violating the Fourth Amendment.

This court could only find for  Toombs if it found that Martin's use of deadly force was

8

not objectively reasonable. To reach this conclusion, this court would have to find that Toombs was not a serious felon in possession of a firearm, did not resist Martin, and did not shot Martin. This court cannot make these findings without invalidating Toombs' convictions for being a serious felon in possession of a fire arm, resisting arrest, and battering Martin with a deadly weapon.[1]

The facts as decided in Toombs' state court case are that Toombs was a serious felon and was a suspect in an armed robbery. He had a gun. He resisted Martin's efforts to obtain information from him and then he shot Martin. Toombs posed an immediate and deadly threat to Martin and any other person nearby.

A judgment for Toombs' on his claim that he was shot for "no reason" and that the use of deadly force by Martin was unreasonable and excessive, would necessarily invalidate Toombs' four state court convictions. Toombs' convictions have not been reversed on appeal. He is barred by the law of Heck v. Humphrey from maintaining this action for excessive force against Martin and Martin is entitled to summary judgment as a matter of law.

The court will next address Toombs' "Summary Judgement Dispositive Motion".  In this motion, Toombs ask this court to "render a judgement by default against the defendants for refusing to comply with a court order by the defendants to cause the loss of rights to raise a

---

[1]  A necessary element of battery with a deadly weapon, a class C felony, under Ind. Code § 35-42-2-1 is that the battery be committed by means of a deadly weapon. A necessary element of resisting law enforcement, a class D felony, under Ind. Code § 35-044-3-3(A)(1) is the use of a deadly weapon to inflict bodily injury on another person. Since the jury found Toombs guilty battery and resisting law enforcement (under these statutes), thus necessarily found that he had a gun and he shot Officer Martin.

9

Dispositive Motion for Full relief...."    Toombs then states that Magistrate Judge Cosbey ordered the defendants' attorney to provide Toombs with a copy of his medical records.

In response to Toombs' motion, the defendants first note that a default judgment is not a proper remedy for a failure to produce a copy of a plaintiff's medical records.  The defendants then assert that Toombs' request is untimely as the records are not relevant to the pending summary judgment motion.  The defendants argue that they should not be required to incur the expense of providing copies of Toombs' medical records[2] until after the dispositive motion has been ruled upon.

This court agrees with the defendants.  The medical records were not relevant to this court's discussion of Martin's summary judgment motion, and were not needed by Toombs in preparation of his response.  Moreover, a default judgment is not the proper resolution of a discovery dispute.  Accordingly, Toombs' motion will be denied.

Next, the court will address Toombs motion for summary judgment against defendant Officer John Kauffman.  In his motion, Toombs states that he "plans to file a supporting declaration and Designation of Evidence that will show there are material facts in support and Plaintiff is entitled to Summary Judgment as a matter of law."   However, Toombs has failed to file any sort of facts or evidence, or even hint at the legal basis of his motion.

In response to the motion, Kauffman states that Toombs has alleged that Kauffman cut him with a knife and kicked him in the head.  Kauffman notes that Toombs has offered no evidence in support of his claims.  Kauffman further points to his own affidavit, wherein he

---

[2]  The defendants state that they have received a copy of Toombs' medical records from Parkview Hospital, consisting of approximately 641 pages, and costing the defendants $189.95.

denies having cut or kicked Toombs.  Kauffman concludes that because this material fact is in dispute, Toombs is not entitled to summary judgment.

Clearly, Kauffman is entirely correct, and Toombs' motion will be denied.

<u>Conclusion</u>

Based on the foregoing, Martin's motion for summary judgment is hereby GRANTED. Further, both of Toombs' motions are hereby DENIED.

Entered: March 8, 2006.

<u>s/ William C.  Lee</u><br>
William C. Lee, Judge<br>
United States District Court

11