UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| TONY TOOMBS | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | CAUSE NO.: 1:05-CV-00104 |
| JOSEPH MARTIN, JOHN KAUFFMAN | ) |  |
| Defendant. | ) |  |

## OPINION AND ORDER

Plaintiff Tony Toombs, who is *pro se*, filed a Motion to Compel, requesting that the Court reopen discovery so that he can depose Defendant John Kauffman upon written questions.[1] (Docket # 95.) Because he has not established that his failure to meet the discovery deadline was a result of excusable neglect, his Motion to Compel will be DENIED.

Toombs alleges in this 42 U.S.C. § 1983 action that his civil rights were violated by Kauffman, a police officer, in an incident in Marion during his arrest. (Compl. at 2-3.) On January 17, 2006, the Court granted a motion by Kauffman to extend the original discovery deadline of January 25, 2006, sixty days after the Court ruled on Defendant Martin's motion for summary judgment. (Docket ## 35, 70, 78.) Defendant Martin's motion for summary judgment was granted on March 8, 2006 (Docket # 90), which by operation of the Court's January 17 Order, established a discovery deadline of May 8, 2006.

According to the Seventh Circuit Court of Appeals, "[c]ourts have a legitimate interest in

---

[1] While Toombs titles his filing as a "Motion to Compel," the record shows that this is his first request to depose Kauffman, and thus the Court will treat his Motion as a request to re-open discovery for purposes of deposing Kauffman.

1

ensuring that parties abide by scheduling orders to ensure prompt and orderly litigation." *Campania Mgmt. Co., Inc. v. Rooks, Pitts & Poust*, 290 F.3d 843, 851 (7th Cir. 2002) (citing *United States v. 1948 S. MLK Dr.*, 270 F.3d 1102, 1110 (7th Cir. 2001)). Therefore, when a motion to extend a deadline is made after the deadline has passed, as in this case, the moving party must "show excusable neglect for failing to comply with the discovery deadline." *Roach v. Pedigo Holdings, Inc.*, No. 104cv1746RLYTAB, 2005 WL 2253590, at *1 (S.D. Ind. Sept. 9, 2005) (citing *Brosted v. Unum Life Ins. Co. of America*, 421 F.3d 459 (7th Cir. 2005)); *see* Fed. R. Civ. P. 6(b)(2).

In determining what constitutes "excusable neglect," a trial court exercises its discretion by considering "all relevant circumstances surrounding the party's omission," such as the "danger of the prejudice to the [defendant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Jones v. Dyer Nursing and Rehabilitation Center*, No. 2:04cv508PRC, 2006 WL 1722361, at *2 (N.D. Ind. June 26, 1996) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993)). "Excusable neglect" can include "omissions through carelessness and mistake," and also "situations in which the failure to comply with a filing deadline is attributable to negligence." *Id.* (citing *Robb v. Norfolk & W. Ry. Co.*, 122 F.3d 354, 358 (7th Cir. 1997)).

In his Motion, Toombs, who demonstrated his competence with discovery by timely propounding three sets of interrogatories and two requests for production of documents (Docket ## 44, 45, 47, 48, 50, 55, 65), has provided no explanation why he could not have completed the

deposition before the discovery deadline.  Nor do we see anything in the record from which to infer that he failed to depose Kauffman before the discovery deadline as a result of carelessness, mistake, negligence, or any other excusable neglect.  Furthermore, Toombs has filed his request on the eve of the dispositive motion deadline, July 8, 2006 (*see* Docket # 78), and thus Kauffman would likely be prejudiced if the Court granted Toomb's motion.

Accordingly, his Motion to Compel (Docket # 95) is DENIED.  SO ORDERED.

Enter for July 5, 2006.

S/Roger B. Cosbey  
Roger B. Cosbey  
United States Magistrate Judge